Filed 12/29/21  P. v. Jones CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>OMAR LATEEF JONES,<br><br>    Defendant and Appellant. | B308232<br><br>Los Angeles County<br>Super. Ct. No. BA142596-02 |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Reversed and remanded with directions.

Robert E. Boyce, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and David E. Madeo, Deputy Attorneys General, for Plaintiff and Respondent.

Omar Lateef Jones appeals from the trial court's order summarily denying his petition under Penal Code section 1170.95.[1]  That statute allows certain defendants convicted of murder under the felony-murder rule or the natural and probable consequences doctrine to petition the court to vacate their convictions and for resentencing.  Here, the trial court—without appointing counsel or allowing briefing—found Jones had failed to demonstrate his entitlement to relief.  Because we lack an adequate record to determine if the court's error in not appointing counsel for Jones and entertaining briefing was harmless, we reverse and remand for further proceedings.

## BACKGROUND

To say our record on appeal is sparse is an understatement.  The only item in the record that refers to the facts in this case is a 1999 probation officer's report.  According to the report, at about 3:25 a.m. on September 22, 1996, Larry Darnele Logan was driving his car with Aaron Patrick Johnson in the passenger seat.  The car stalled at an intersection.  Jones drove alongside Logan's car and stopped.  Jones's passenger John Levae Post said, "What's up, blood?," produced a handgun, and fired two shots into Logan's car.  Both Logan and Johnson were killed.

In October 1999, a jury found Jones guilty of the first degree murder of both victims.  The jury found true an allegation that, in the commission of the crimes, a principal was armed with a firearm.  The jury also found true a special circumstance of multiple murder.  The trial court sentenced Jones to a term of life without parole plus one year (for the firearm), as well as a term of 25 years to life, plus one year (again, for the firearm),

[1]     References to statutes are to the Penal Code.

2

to be served concurrently. We affirmed Jones's conviction. (*People v. Jones* (May 29, 2001, B137784) [nonpub. opn.].)

After Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) took effect, Jones—representing himself—filed a petition for resentencing under section 1170.95. Checking boxes on a preprinted form, Jones declared under penalty of perjury that he had been convicted of first or second degree murder under the felony-murder rule or the natural and probable consequences doctrine and could not now be convicted of first or second degree murder because of changes made to sections 188 and 189 by Senate Bill 1437. Jones checked boxes that he "was not the actual killer" and "did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree." Jones did not check the box that he was not a major participant in the crime but instead wrote on the form, "I wasn't a participant at all in this crime." Jones requested the appointment of counsel during the resentencing process.

The superior court filed Jones's petition on August 31, 2020. On September 3, 2020, the court issued a minute order denying the petition. The order states, "Defendant is not present in court, and not represented by counsel." The order continues,

> "Examination of the court file indicated that aiding and abetting instructions were given. The only theories of murder instructed were express and implied malice. The only theories of first degree murder instructed were premeditation and deliberation and discharging a firearm from a motor vehicle. No instructions on natural and probable consequences doctrine or felony murder were given. Premeditation and deliberation require that defendant

personally premeditate and deliberate, even as an aider and abettor (*People v. Chiu* (2014) 59 Cal.4th 155). First degree drive-by murder requires a specific intent to kill; i.e., express malice (*People v. Chavez* (2004) 118 Cal.App.4th 379). Thus, by convicting defendant of murder, the jury necessarily found actual malice, express or implied. By finding the murder to be of the first degree, the jury necessarily found the petitioner acted with express malice. [¶] A trial court may properly look at the record of conviction, including jury instructions given at trial, in determining whether petitioner made the required prima facie showing under Penal Code section 1170.95 (*People v. Gomez* (2020) 52 Cal.App.5th 1). Where the jury instructions given at petitioner's trial conclusively demonstrate as a matter of law that petitioner was not convicted of murder under a natural and probable consequences theory or felony murder, petitioner has not made a prima facie case for relief and the court may summarily deny the petition under Penal Code section 1170.95(c) (*People v. Soto* (2020) 51 Cal.App.5th 1043). As a matter of law, petitioner is not eligible for relief."

## DISCUSSION

Senate Bill 1437 took effect on January 1, 2019. (See Stats. 2018, ch. 1015, § 4.) It limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder to ensure a person's

sentence is commensurate with his individual criminal culpability. (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843 (*Gentile*); *People v. Lewis* (2021) 11 Cal.5th 952, 957, 971 (*Lewis*).)

Senate Bill 1437 amended the felony-murder rule by adding section 189, subdivision (e). It provides that a participant in the perpetration of qualifying felonies is liable for felony murder only if the person: (1) was the actual killer; (2) was not the actual killer but, with the intent to kill, acted as a direct aider and abettor; or (3) was a major participant in the underlying felony and acted with reckless indifference to human life as described in section 190.2, subdivision (d). (See *Gentile*, *supra*, 10 Cal.5th at p. 842.) It amended the natural and probable consequences doctrine by adding subdivision (a)(3) to section 188, which states that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (*Gentile*, at pp. 842-843; § 188, subd. (a)(3).)

Senate Bill 1437 also authorized, through new section 1170.95, an individual convicted of felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime. (See *Lewis*, *supra*, 11 Cal.5th at pp. 959-960; *Gentile*, *supra*, 10 Cal.5th at p. 843.)

If the section 1170.95 petition contains all the required information, including a declaration by the petitioner that he was convicted of murder and is eligible for relief (§ 1170.95, subd. (b)(1)(A)), section 1170.95, subdivision (c) requires the court to appoint counsel to represent the petitioner, if requested; to direct the prosecutor to file a response to the petition and permit the petitioner to file a reply; and to determine if the

5

petitioner has made a prima facie showing that he is entitled to relief.  (See *Lewis*, *supra*, 11 Cal.5th at pp. 959-960.[2])

In determining whether the petitioner has carried his burden of making the requisite prima facie showing that he falls within the provisions of section 1170.95 and is entitled to relief, the superior court properly examines the record of conviction, "allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.)  But "the prima facie inquiry under subdivision (c) is limited.  Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his . . . factual allegations were proved.  If so, the court must issue an order to show cause." '[3] . . . 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid.*; see *People v. Daniel* (2020) 57 Cal.App.5th 666, 675 [any error in denying petition at prima facie stage without appointing counsel is harmless if the record of conviction " 'conclusively demonstrate[s]' " petitioner is ineligible for relief].)

---

[2]    In Senate Bill No. 775 (2021-2022 Reg. Sess.) the Legislature made a number of changes to section 1170.95.  Effective January 1, 2022, the requirement that a court appoint counsel for a petitioner who requests counsel appears in subsection (b)(3) of the statute.

[3]    The court then holds an evidentiary hearing at which the prosecution has the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing.  (§ 1170.95, subd. (d)(1), (3).)

In *Lewis*, our Supreme Court resolved a disagreement among the courts of appeal and agreed with the analysis in *People v. Cooper* (2020) 54 Cal.App.5th 106. The high court held, once a petitioner files a facially sufficient petition requesting counsel, the superior court must appoint counsel before performing the prima facie review under section 1170.95, subdivision (c): "[P]etitioners who file a complying petition requesting counsel are to receive counsel upon the filing of a compliant petition." (*Lewis*, *supra*, 11 Cal.5th at pp. 961-963.) Because Jones checked all the necessary boxes on his form petition, the superior court erred by denying his petition without first appointing counsel.

The opening brief and respondent's brief in this appeal were filed before our high court decided *Lewis*. The Attorney General contends any error in denying Jones's petition without appointing counsel was harmless "because the petition would have been denied regardless of what appointed counsel might have argued." The Attorney General states, "The jury's verdicts, along with the jury instructions that the court below properly considered, show by themselves that appellant is ineligible for resentencing as a matter of law . . . as to both murders."

The *Lewis* Court held a superior court's failure to appoint counsel to represent a petitioner when assessing whether he has made a prima facie showing of entitlement to relief under section 1170.95, subdivision (c), is state law error only, reviewable for prejudice under the harmless error standard of *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis*, *supra*, 11 Cal.5th at pp. 973-974.) As we have said, section 1170.95 authorizes a petition for resentencing only by individuals convicted of murder under the felony-murder rule or the natural and probable consequences doctrine. Accordingly, notwithstanding Jones's having checked boxes on the form claiming to have been

7

convicted on one of those theories, he is not entitled to relief if the record of conviction—including the jury instructions— shows the jury was not instructed on either of those theories. (See *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055-1056, abrogated on other grounds in *Lewis* [trial court may rely on jury instructions when determining whether petitioner has made a prima facie showing of entitlement to relief]; cf. *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1157, 1167-1168 [petitioner not entitled to relief when he was convicted as direct aider and abettor, and not of felony murder or murder under a natural and probable consequences theory].)

But we have no record. We have no jury instructions or reporter's transcript of closing arguments. The trial court obviously had records, as it referred to its "[e]xamination of the court file." However, as Jones's appellate counsel points out, "The documents relied on by the trial court in denying the section 1170.95 petition are not part of the record on appeal and could not be located by the Superior Court."

The clerk's transcript contains only the information, the verdict forms (which say only that the jury convicted Jones of the first degree murder of both victims and found the "principal armed" allegation and multiple murder special circumstance true), a minute order of the November 1999 sentencing, the December 1999 abstract of judgment, Jones's August 2020 petition, a minute order of the court's September 3, 2020 denial of the petition, and Jones's notice of appeal. The Certificate of Clerk states the clerk conducted searches "of the court file," "the courtroom," and "the clerk's office" "to find the missing document(s)." The supplemental clerk's transcript contains only the probation officer's report.

As the superior court denied Jones's petition without briefing, three days after it was filed, the district attorney never

8

had an opportunity to submit a response or exhibits, such as the instructions given to Jones's jury.  Nor has the Attorney General filed any motion to augment the record or otherwise to provide us with the jury instructions.  In short, without a record, we cannot conduct a review of the challenged order.  We therefore reverse the order summarily denying Jones's petition and remand the matter for the court to appoint counsel and permit briefing.

## DISPOSITION

We reverse the order denying Omar Lateef Jones's petition for resentencing and remand the case for further proceedings consistent with this opinion.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

LAVIN, Acting P. J.

MATTHEWS, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.